# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Strike 3 Holdings, LLC,

          Plaintiff,        Case No. 20-cv-12946

v.                               Judith E. Levy
                                United States District Judge

John Doe subscriber assigned IP
Address 162.230.47.77,        Mag. Judge Curtis Ivy, Jr.

          Defendant.

_____/

## ORDER GRANTING LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE [4] AND GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME WITHIN WHICH TO EFFECTUATE SERVICES ON JOHN DOE DEFENDANT [5]

Plaintiff Strike 3 Holdings, LLC brings this copyright infringement action against Defendant John Doe, an internet subscriber assigned IP address 162.230.47.77. (ECF No. 1.) Plaintiff alleges that Defendant downloaded and distributed Plaintiff's copyrighted works on the BitTorrent network in violation of 17 U.S.C. § 106. Plaintiff further alleges that it does not know Defendant's identity beyond the IP address,

which Plaintiff discovered through its infringement detection program named VXN Scan.

This matter is now before the Court on Plaintiff's *ex parte* motion for leave to serve a subpoena on third-party AT&T U-verse, Defendant's internet service provider. (ECF No. 4.) Plaintiff argues that it should be permitted to issue a Rule 45 subpoena prior to a Rule 26(f) conference because it cannot determine Defendant's identity and proceed with this copyright infringement lawsuit absent such a subpoena. *See* Fed. R. Civ. P. 26(f), 45.

Additionally, Plaintiff has filed an *ex parte* motion for an extension of time within which to effectuate service of the summons and complaint on Defendant. (ECF No. 5.) Plaintiff seeks an extension of time past the January 31, 2021 deadline set under Federal Rule of Civil Procedure 4(m), because Plaintiff cannot learn Defendant's identity without permission to serve a subpoena on Defendant's internet service provider. (*Id.* at PageID.68–69.)

### A. Motion for leave to file third-party subpoena

Rule 26 authorizes parties to engage in discovery only after the parties have met and conferred, but a district court may, in its discretion,

order discovery prior to the 26(f) conference. *See* Fed. R. Civ. P. 26(d)(1). It is not uncommon for discovery, such as the subpoena requested here, to be authorized prior to the 26(f) conference in copyright infringement cases. *See Arista Records, LLC v. Doe*, 604 F.3d 110, 119 (2d Cir. 2010); *Strike 3 Holdings, LLC v. Doe*, No. 2:19-CV-11299, 2019 WL 2265171, at *1 (E.D. Mich. May 28, 2019). In such cases, the party alleging copyright infringement must demonstrate that it has "good cause" for early discovery. *Third Degree Films, Inc. v. Does 1-72*, No. 12-cv-14106, 2012 WL 12931709, at *1 (E.D. Mich. Nov. 13, 2012) (citing *Arista Records, LLC*, 604 F.3d at 119). A plaintiff demonstrates good cause where "(1) [it] makes a prima facie showing of a copyright infringement claim; (2) [it] submits a specific discovery request; (3) the information sought is limited in scope and not available through alternative means; (4) there is a central need for the subpoenaed information; and (5) there is a minimal expectation of privacy on the part of the defendant." *Malibu Media, LLC v. Doe*, No. 18-CV-10667, 2018 WL 1122012, at *1 (E.D. Mich. Mar. 1, 2018) (citing *Arista Records, LLC*, 604 F.3d at 119).

Here, Plaintiff has met each of the five elements. It has made out a prima facie case of copyright infringement by showing it owns a valid

3

copyright and Defendant "copied constituent elements of the work that are original." *ECIMOS, LLC v. Carrier Corp.*, 971 F.3d 616, 628 (6th Cir. 2020) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). (*See also* ECF No. 1 at PageID.7–9.) Plaintiff's discovery request is specific and limited in scope, as it wishes to issue a subpoena to AT&T U-verse for the specific and limited purpose of determining the subscriber to whom the infringing IP address was issued. The information sought regarding Defendant's identity is necessary for the case to proceed and for Plaintiff to prosecute its claim. Last, though Defendant has an interest in privacy and anonymity in his or her actions online, such an interest is not a "license for copyright infringement." *Malibu Media LLC v. Doe*, No. 13-12178, 2013 WL 3945978, at *4 (E.D. Mich. July 31, 2013) (quoting *Arista Records, LLC*, 604 F.3d at 118). Accordingly, Plaintiff's motion for leave to serve a subpoena on third-party AT&T U-verse is granted.

### B. Motion for an extension of time to effectuate service

Under Federal Rule of Civil Procedure 4(m),

> if the summons is not served within 90 days, the court must dismiss the action unless the plaintiff has shown "good cause" for failing to serve within 90 days; then the court may extend the deadline for service. Generally, "good cause" means "a

4

reasonable, diligent effort to timely effect service of process." *Pearison v. Pinkerton's Inc.*, 90 F. App'x 811, 813 (6th Cir. 2004). Mere "lack of prejudice and actual notice are insufficient," as are "[m]istake of counsel or ignorance of the rules." *Massey v. Hess*, No. 1:05-CV-249, 2006 WL 2370205, at *4 (E.D. Tenn. Aug. 14, 2006) (relying on *Moncrief v. Stone*, 961 F.2d 595, 597 (6th Cir. 1992)).

*Johnson v. Smith*, No. 20-5505, 2021 WL 289316, at *1 (6th Cir. Jan. 28, 2021). Here, Plaintiff has shown good cause for failing to serve within 90 days. Plaintiff filed their motion for leave to serve a third-party subpoena on November 3, 2020, well before the deadline in which to effectuate service on Defendant, in order to ascertain Defendant's identity. Plaintiff has no other means of obtaining Defendant's identity besides service of a third-party subpoena on Defendant's internet service provider. Accordingly, Plaintiff's motion for an extension of time to effectuate service is granted.

### C. Conclusion

For the reasons set forth above, Plaintiff's motion for leave to serve a subpoena on third-party AT&T U-verse is GRANTED on the following terms:

1. Plaintiff may issue a subpoena to AT&T U-verse but may only use the information obtained for the limited purpose of enforcing its rights under 17 U.S.C. § 106.

2. The subpoena may only seek the full name and address of the subscriber with the IP address 162.230.47.77.

3. Plaintiff shall attach a copy of this order to the subpoena, and the subpoena shall instruct AT&T U-verse to notify Defendant and provide a copy of the subpoena and this order to Defendant within seven days of service of the subpoena.

4. Defendant shall have thirty days from the date of notice to file any appropriate motion with the Court.

Additionally, Plaintiff's motion for an extension of time within which to effectuate service of the summons and complaint on Defendant is GRANTED. Plaintiff has an additional sixty days from the entry of this order in which to effectuate service on Defendant.

IT IS SO ORDERED.

Dated: April 6, 2021  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
 United States District Judge

## CERTIFICATE OF SERVICE

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 6, 2021.

                                              s/William Barkholz
                                              WILLIAM BARKHOLZ
                                              Case Manager